# COURT OF APPEALS
## DECISION
## DATED AND FILED

## September 5, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos.    **2018AP2211-CR**
                      **2018AP2212-CR**
STATE OF WISCONSIN

Cir. Ct. Nos. 2016CF78
2016CF116

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

ISRAEL E. NUNEZ,

   DEFENDANT-APPELLANT.

APPEALS from judgments and an order of the circuit court for Portage County:  THOMAS T. FLUGAUR, Judge.  *Affirmed*.

Before Fitzpatrick, P.J., Blanchard, and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   In these consolidated cases, Israel Nunez appeals circuit court judgments convicting him of three counts of child sexual assault. Nunez also appeals the court's order denying his motion for postconviction relief. Nunez argues that the circuit court erred when it joined two sets of charges for trial.  We disagree and affirm.

¶2      One set of charges involved a victim whom the State refers to as "Debbie."  In the criminal complaint pertaining to Debbie, the State alleged two counts of child sexual assault, each occurring in 2003.  The other set of charges involved a victim whom the State refers to as "Anna."  In the criminal complaint pertaining to Anna, the State also alleged two counts of child sexual assault, one occurring in 2011 and the other in 2014.

¶3      The circuit court granted the State's motion to join all four charges pursuant to WIS. STAT. § 971.12 (2017-18).[1]  A jury found Nunez guilty on three of the four charges.

¶4      On appeal, Nunez states that he has chosen not to pursue possible issues as to "prejudicial joinder or retroactive misjoinder."  Rather, he challenges only the circuit court's "initial" joinder decision that the court made based on the allegations in the criminal complaints.  Thus, we decide only this initial joinder issue. The parties agree that this issue is governed by WIS. STAT. § 971.12(1) and (4).  They further agree that our review is de novo.  *See State v. Salinas*, 2016 WI 44, ¶30, 369 Wis. 2d 9, 879 N.W.2d 609 ("The initial decision on joinder is a question of law that we review de novo.").

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

2

¶5    The statute allows joinder "if the crimes charged … are of the same or similar character or are based on the same act or transaction or on 2 or more acts or transactions connected together or constituting parts of a common scheme or plan." *See* WIS. STAT. § 971.12(1).  Our supreme court in **Salinas** directed that "[t]he joinder statute is to be broadly construed in favor of initial joinder." **Salinas**, 369 Wis. 2d 9, ¶31.  The court explained this broad construction rule as follows:

> [W]e emphasize that this court "has historically favored" initial joinder particularly when the charged crimes were all "committed by the same defendant."  We interpret initial joinder decisions broadly because of the goals and purposes of the joinder statute:  (1) trial economy and convenience; (2) to promote efficiency in judicial administration; and (3) to eliminate multiple trials against the same defendant, which promotes fiscal responsibility.

*Id.*, ¶36 (citation omitted).

¶6    Here, for the reasons that follow, we agree with the State that the charges against Nunez were "of the same or similar character."  We need not decide whether joinder would have also been proper under other criteria in the statute.

¶7    "To be of the 'same or similar character' under sec. 971.12(1), Stats., crimes must be the same type of offenses occurring over a relatively short period of time and the evidence as to each must overlap." **State v. Hamm**, 146 Wis. 2d 130, 138, 430 N.W.2d 584 (Ct. App. 1988).  "It is not sufficient that the offenses involve merely the same type of criminal charge." **Id.**

¶8    Nunez argues that the amount of time between his offenses is too long to be considered a "relatively short period of time." *See* **id.**  We disagree and

3

are persuaded instead by the State's reliance on *United States v. Rodgers*, 732 F.2d 625 (8th Cir. 1984).[2]

¶9     In *Rodgers*, the court stated that there is no per se rule as to the permissible time period.  Rather, the permissible time period is "relative" to the similarity of the offenses and to the possibility of overlapping evidence:

> [T]he time-period factor is to be determined on a case-by-case approach; there is no per se rule on when the time period between similar offenses is so great that they may not be joined.  Indeed, that is why we have referred to a "*relatively* short period of time" between the two offenses. The time period is relative to the similarity of the offenses, and the possible overlapping of evidence.

*Id.* at 629 (alteration in original).  We have previously quoted this passage from *Rodgers* with approval.  *See Hamm*, 146 Wis. 2d at 139-40.

¶10     Applying the broad construction rule prescribed by our supreme court in *Salinas*, and following the case-by-case approach from *Rodgers*, we conclude that the period of time between Nunez's charges was not so great as to preclude joinder.

¶11     First, although the charges included incidents spanning eleven years, we place some weight on the fact that not all of the charges were eleven years apart.  Rather, there was an eight-year gap between the charged incidents involving Debbie and the first charged incident involving Anna, followed by a three-year gap between that incident and the second charged incident involving

---

[2] Because of similarities between the federal and Wisconsin rules governing joinder, federal cases provide guidance in resolving joinder issues.  *See State v. Hamm*, 146 Wis. 2d 130, 139, 430 N.W.2d 584 (Ct. App. 1988).

Anna. Joinder is thus at least somewhat more appropriate here than in a case in which all charges were eleven years apart.

¶12    Second, all of the charges, as alleged in the complaint, were for child sexual assault based on sexual contact, and all involved similar circumstances. The charged assaults all took place in Stevens Point. Both victims were young girls, and each charged assault involved Nunez touching the girl's vagina. Further, Nunez knew both victims and took advantage of his apparent connection to the victim or the victim's family. The alleged assaults of Debbie occurred while Debbie was sleeping over at Nunez's house with Nunez's children. The alleged assaults of Anna occurred while Anna was visiting an aunt who was friends with Nunez. Additionally, both victims reported being afraid of Nunez and did not immediately report the alleged assaults. Nunez points to differences between the alleged assaults, including that one victim was sleeping and the other was awake. We are not persuaded that these differences outweigh the similarities for purposes here.

¶13    Third, there was significant overlap in the evidence expected at trial. At the time that the circuit court made its joinder decision, the court also ruled that evidence of the assaults of each victim would be admissible other acts evidence at trial as to the other victim. Nunez does not develop an argument that the court erred in this evidentiary ruling.

¶14    Finally, the circuit court's joinder ruling was consistent with the goals and purposes of the joinder statute: "(1) trial economy and convenience; (2) to promote efficiency in judicial administration; and (3) to eliminate multiple trials against the same defendant." *See Salinas*, 369 Wis. 2d 9, ¶36. Nunez argues that these goals were not served because the charges were so far apart in time and

5

lacked overlapping facts or witnesses. We disagree. Even if the overlap was limited to the other acts evidence, a single trial avoided the inconvenience of scheduling two trials and eliminated the need to duplicate parts of the proceedings such as jury selection. It also ensured that each victim needed to testify at only one trial.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.